UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY WEST

    Petitioner,

v.                                                     Case No. 8:07-cv-1794-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Jeffrey West petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his 2001 state convictions for burglary with assault, felony battery, burglary of a dwelling, retaliation against a witness, assault, aggravated assault, and battery.[1] Numerous exhibits ("Respondent's Exhibit __") support the response. The respondent challenges the petition's timeliness.

### **Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act created a new limitation period for petitions for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the

---

[1] West pleaded guilty to multiple felony and misdemeanor charges in three separate state cases: Case No. 00-9351 (two counts of burglary of a dwelling with assault and battery and one count of felony battery), Case No. 00-19808 (one count of burglary of a dwelling, two counts of retaliation against a witness, and two misdemeanor counts of assault), and Case No. 01-5844 (one count of burglary of a dwelling with assault, one count of aggravated assault, and one misdemeanor count of battery). (Respondent's Exhibit 2, pp. 7-9) In his petition, West challenges the validity of his guilty plea to each charge.

conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  See also Artuz v. Bennett, 531 U.S. 4, 8 (2000) (application for post-conviction relief is properly filed when its delivery and acceptance comply with applicable state laws and state rules governing filings).  A federal district court must dismiss an untimely petition absent equitable tolling or a delayed start of the limitation. 28 U.S.C. § 2244(d)(1)(A)-(D).

## Discussion

West entered his guilty plea on August 15, 2001.  The state judge sentenced West to two years of community control followed by three years of probation on each felony conviction.  (Respondent's Exhibit 2, p. 18)[2]  West filed no direct appeal.

In April, 2002, West was arrested for violating his community control.[3]  The state judge revoked West's probation and sentenced him in Case No. 00-9351[4] to concurrent terms of 179.1 months imprisonment for the two burglary convictions and a concurrent

---

[2] West also received "time served" sentences for the two misdemeanor assault convictions in Case No. 00-19809 and the misdemeanor battery conviction in Case No. 01-5844.  (Respondent's Exhibit 2, p. 18)

[3] The record (Respondent's Exhibit 5) includes an affidavit for violation of the community control imposed in Case Nos. 00-9351, 00-19808, and 01-5844, and an arrest warrant for violation of the conditions of community control.  The July 2002 judgment (Respondent's Exhibit 7) resulting from the revocation imposes sentence for violation of probation, not violation of community control.  In accordance with the state court record, this order discusses West's "violation of probation" in examining the timeliness of this federal petition.

[4] The judgment (Respondent's Exhibit 7) imposes sentence in only Case No. 00-9351.

term of sixty months imprisonment for the felony battery conviction.  (Respondent's Exhibit 7)  West filed no appeal of the revocation of probation or the resulting sentence.

West's August 15, 2001, plea-based convictions[5] became final on September 14, 2001, when the time expired for seeking direct review in the Florida state courts.  See Fla. R. App. P. 9.110(b).  See also Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (judgment of conviction final when the time for seeking direct review expired because petitioner failed to appeal his conviction or sentence); Gust v. State, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (when a defendant fails to file a direct appeal, his conviction becomes final when the thirty days for filing a direct appeal expires).  Absent any tolling applications in the state court, West had one year, until September 14, 2002, to timely file a federal habeas corpus petition challenging the 2001 convictions.

West challenges only the validity of his 2001 guilty plea, not the probation revocation or resulting sentence imposed in July 2002.[6]  West filed no state post-conviction motion or other motion for collateral relief challenging his 2001

---

[5] The respondent contends (Doc. 9, p. 3) that this federal petition challenges only the convictions in Case No. 00-9351.

[6] The respondent correctly argues that West's petition is not controlled by Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007), which considered whether a petitioner's original conviction or his resentencing triggers the running of the AEDPA's statute of limitation if the federal habeas petition challenges only the original conviction.  Applying Burton v. Stewart, 549 U.S. 147 (2007), Ferreira holds that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving becomes final."  494 F.3d at 1288 (emphasis original).  Ferreira is not controlling because that case involved the correction of an invalid sentence, not a new sentence based on revocation of probation.  Because West challenges only the 2001 convictions, the federal limitation commenced running in September 2001 when the time expired for seeking direct review of those convictions and not from the date of judgment imposed for the probation revocation.

- 3 -

convictions until May, 2003, when he filed his first[7] Rule 3.850 motion.  By that date, the one-year limitation for timely filing a federal habeas petition had expired.  Absent entitlement to equitable tolling, West's federal petition is time-barred and warrants no relief.[8]

Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  "[E]quitable tolling applies only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d at 1226 (citing Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002)).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  Drew  v. Dep't of Corr., 297 F.3d at 1286.

West fails to demonstrate any extraordinary circumstance that caused him to erroneously calculate the period for timely filing a federal habeas petition through the exercise of due diligence.[9]  Consequently, no basis exists entitling West to equitable tolling.

---

[7] West filed a second Rule 3.850 motion in June, 2005 (Respondent's Exhibit 21).

[8] West erroneously argues in reply (Doc. 18, p. 1), without explanation, that the one-year limitation expired on October 14, 2007, rendering timely this federal petition.

[9] West argues in ground six of his petition that testimony by the victim at the 2004 evidentiary hearing on his first Rule 3.850 motion "completely exonerates [him] of the crimes alleged."  He contends that this "newly discovered evidence" renders invalid both his plea and convictions.  This argument fails to establish entitlement to equitable tolling.

- 4 -

Accordingly, West's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.

The clerk shall enter a judgment against West and close this action.

ORDERED in Tampa, Florida, on January 18, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE